UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
PRITHIPAL KHAHERA o/b/o
MICHAEL S. KHAHERA (deceased),

          Plaintiff,

   -against-

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.
----------------------------------------------------x

**MEMORANDUM AND ORDER**
15-0577 (FB)

*Appearances:*

| *For the Plaintiff* | *For the Defendant* |
|---|---|
| CAROLYN ROSE | ROBERT L. CAPERS |
| Harris Law Group, LLP | United States Attorney |
| 96-14 63rd Drive | Eastern District of New York |
| Rego Park, New York 11374 | 271 Cadman Plaza East, 7th Floor |
| | Brooklyn, New York 11201 |
| | |
| | By: ARTHUR SWERDLOFF |
| |     Assistant United Stated Attorney |

**BLOCK, Senior District Judge:**

Prithipal Khahera ("plaintiff"), on behalf of his deceased son, Michael S. Khahera ("Khahera"), seeks review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Khahera's application for disability benefits under the Social Security Act. Both parties move for judgment on the pleadings. For the reason stated below, the case is remanded to the Commissioner for further proceedings consistent with

this Memorandum and Order.

## I.

Khahera worked for the United States Postal Service until December 22, 2010, when he allegedly became unable to work because of major depression, anxiety, and injuries to both knees. In May 2012, Khahera filed an application for disability insurance benefits with the Social Security Administration (the "SSA"). After the SSA denied his application, he had a hearing before an Administrative Law Judge ("ALJ").

On December 27, 2013, the ALJ held that Khahera was not disabled within the meaning of the SSA. Applying the SSA's five-step sequential evaluation process,[1] the ALJ determined that: (1) Khahera had not engaged in substantial gainful activity since December 22, 2010, the application date; (2) Khahera's cognitive impairment, depression and anxiety with a history of substance abuse, obesity, knee injuries, headaches, and vertigo were severe impairments; and (3) Khahera's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1 so

---

[1] SSA regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, . . . (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

as to trigger his automatic classification as disabled.

The ALJ determined that Khahera had the residual functional capacity ("RFC") to perform less than the full range of light work defined in 20 C.F.R. 404.1567(b).[2] Applying this RFC to the remaining steps, the ALJ determined that (4) Khahera was unable to perform any past relevant work, but that (5) he could perform work pursuant to the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. In particular, based on Khahera's "age, education, past relevant work experience, and residual functional capacity," the ALJ concluded that he was able to perform "jobs that exist in significant numbers in the national economy," such as mail room clerk and office helper. Administrative Record ("AR") 294.

The Appeals Council denied Khahera's request for review, rendering final the Commissioner's decision to deny benefits. Plaintiff sought timely review, arguing that the ALJ's (1) "incorrect weighing of the opinions of treating physicians," Pl. Brief 1, (2)

---

[2] Namely, the ALJ found that Khahera could "lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently, sit for 6 hours in an 8 hour workday, stand/walk for 4 hours in an 8 hour workday, and engage in sitting, standing and walking for no more than 2 hours at a time." AR 281. The ALJ also found that Khahera could not "engage in climbing of ladders, ropes and scaffolds, but [could] occasionally climb ramps or stairs, and [could] frequently engage in stopping, kneeling, crouching and crawling." *Id.* Furthermore, the ALJ found that Khahera was "limited to understanding, remembering and carrying out simple, repetitive instructions, making simple work related decisions and engaging in work that requires dealing with changes in no more than a routine work setting." *Id.* at 282.

finding that "[Khahera] was not 'entirely credible,'"[3] *id.,* and (3) "failure to correctly evaluate Mr. Khahera's alcoholism," *id.*, contributed to the ALJ's erroneous findings that Khahera's conditions did not conclusively require a determination of disability and that he was capable of performing other work. Plaintiff also argues that the Appeals Council erred by not considering Khahera's "hospitalization and death," which, he asserts, support the severity of Khahera's disabilities. *Id.* at 25.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (cited by *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

**A. Treating Physician Rule**

The treating physician rule dictates that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'"

---

[3] This Court does not opine on the ALJ's finding that Khahera was not entirely credible because it anticipates that the ALJ will reconsider Khahera's credibility on remand.

4

*Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(c)(2)). If the ALJ does not give the treating physician controlling weight, it must provide "good reasons for the weight given to that opinion"; failing to give good reasons "is a ground for remand." *Garcia v. Comm'r of Soc. Sec.*, 2016 WL 5369612, at *3 (S.D.N.Y. Sept. 23, 2016) (citing *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)) (internal quotation marks omitted).

Plaintiff argues the ALJ failed to correctly apply the treating physician rule when the ALJ did not give controlling weight to the opinions of three of Khahera's treating physicians—Carl Rosenman ("Rosenman"), Avraham Schweiger ("Schweiger"), and Najeeb Hussaini ("Hussaini")—because she did not provide good reasons for giving their opinions less weight. The ALJ gave Rosenman's opinion "some weight," rather than controlling weight, because "notations as to a total inability to concentrate are not supported by other evidence, including the consultative psychiatric examination . . . ." AR 293. She gave Schweiger's opinion "limited weight . . . because the clinical findings do not support his conclusion that the claimant is at present unable to return to gainful employment." AR 292. Finally, the ALJ gave Hussaini "limited weight . . . [because] the extent of limitations is not supported by the overall record." *Id.*

As Plaintiff correctly asserts, the ALJ's provided reasoning with regards to each of these treating physicians' opinions is inadequate. She does not point to specific evidence or clinical findings in the record that contradict the treating physicians' opinions, except

to generally mention a consultative psychiatric examination that supposedly contradicts Rosenman's opinion. The ALJ's failure to provide *specific* reasons for giving less weight to the opinions of Rosenman, Schweiger, and Hussaini is ground for remand. *See Garcia*, 2016 WL 5369612, at *3.

### C. Consideration of Alcoholism

Plaintiff argues that the ALJ failed to correctly evaluate Khahera's alcoholism pursuant to 20 C.F.R. § 404.1535, leading to an erroneous finding that he was not totally disabled and could work certain jobs. However, 20 C.F.R. § 404.1535 applies "only after a finding of disability to determine whether benefits are available." *Monette v. Colvin*, 2016 WL 3639510, at *2 n.5 (2d Cir. July 7, 2016); *see also* 20 C.F.R. § 404.1535 ("*If* we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor.") (emphasis added). Therefore, the ALJ did not need to follow the procedure described in this section because it did not find that Khahera was disabled. *See Monette*, 2016 WL 3639510, at *2 n.5 (the ALJ did not err in failing to consider 20 C.F.R. § 404.1535 because it never found that the claimant was disabled).

### D. New and Material Evidence

Plaintiff argues that the Appeals Council erred in declining to consider the records of Khahera's hospitalization and death from liver disease, which, Plaintiff asserts, support a finding that Khahera was totally disabled. "[N]ew evidence submitted to the Appeals

Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). The ALJ should consider this new evidence on remand.

### III.

For the aforementioned reasons, the case is remanded to the Commissioner for further proceedings consistent with this Memorandum and Order.

**SO ORDERED**

                                                                         _____

                                                                         FREDERIC BLOCK
                                                                         Senior United States District Judge

Brooklyn, New York
December [ ], 2016